UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garron Norris, | **C/A No. 6:10-0217-MBS-WMC** |
|                     Plaintiff, | |
| vs. | |
| Sheriff Bill Blanton; | |
| Chief Joel Hill; | **Report and Recommendation** |
| Capt. Harold Crocker; | **for** |
| Lt. Kenny Brown; | ***Partial* Summary Dismissal** |
| Cherokee County Detention Center, *All Officers, Medical Staff, Kitchen Staff and Mail Staff*; | |
| Dr. Blanca; | |
| Nurse Lewis; | |
| Ms. Debbie, Kitchen Supervisor; | |
| Ms. Martha NLN; | |
| Ms. Fernandez; | |
| Sgt. Blackwell; | |
| Sgt. Spencer; | |
| Sgt. Parker; | |
| Sgt. Rhinehart; | |
| Cpl. Luna; | |
| Cpl. Polk; | |
| Cpl. Price; | |
| Cpl. Huggins; | |
| Sgt. Holly; | |
| Pt. Padgett; | |
| Pt. Bishop; | |
| Pt. Dennis; | |
| Pt. Queen; | |
| Pt. Quinn; | |
| Pt. Phillips; | |
| Pt. Hyatt; | |
| Pt. Smith; | |
| Pt. Bollin; | |
| Pt. Henderson; | |
| Pt. Watts; | |
| Pt. Lemmonds; | |
| Pt. Kennedy; | |
| Pt. Vinsett; | |
| Pt. Estes; | |
| Pt. Manning; | |
| Pt. Jennings; | |
| Pt. Whisnast; | |
| Pt. Bridges; | |
| Pt. Green; | |
| Pt. Wicks; | |
| Pt. Wiebusch; | |
| Pt. Blanton; | |
| Cpl. Ms Blackwell, | |
|                     Defendants. | |
| _____ | |

In an order filed in *John R. Dowdle and Garron Norris v. Sheriff Bill Blanton, et al.*, Civil Action No. 8:10-0159-MBS-WMC, on January 28, 2010, the undersigned directed the Clerk to terminate Garron Norris as a plaintiff in that case and to assign a separate civil action number to address his claims. **The above-captioned case is the case to address the claims of Garron Norris.**

In an order filed in this case on January 29, 2010, the undersigned directed the plaintiff to submit his own motion to proceed *in forma pauperis*, an amended complaint, and service documents (a summons and Forms USM-285). The plaintiff has done so. Hence, the above-captioned case is now "in proper form."

The above-captioned case concerns jail conditions and medical care at the Cherokee County Detention Center. In a separately-filed order, the undersigned is authorizing service of process upon the individual defendants.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to **partial** summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Cherokee County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

state law. Hence, the Cherokee County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

Moreover, the collective defendants mentioned in connection with the Cherokee County Detention Center (All Officers, Medical Staff, Kitchen Staff and Mail Staff) are not identifiable persons. *See Johnson v. Nelson*, No. 1:06-CV-145(WLS), 2008 U.S. Dist. LEXIS 39830, 2008 WL 2123756 (M.D. Ga., May 16, 2008) ("Plaintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action. Therefore, the Undersigned RECOMMENDS that the Autry State Medical Staff Provider be dismissed from this action.").

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the "Cherokee County Detention Center, *All Officers, Medical Staff, Kitchen Staff and Mail*

*Staff*" from the above-captioned case *without prejudice* and without issuance and service of process. See *Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

March 5, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).