IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Garron Norris, ) | |
| ) | Civil Action No. 6:10-217-MBS-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Sheriff Bill Blanton, et al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On June 11, 2010, the defendants filed a motion for summary judgment. By order of this court filed June 14, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff did not respond to the motion.

On July 26, 2010, this court issued another order giving the plaintiff through August 19, 2010, to respond to the motion for summary judgment. The plaintiff was advised that if he failed to respond, this action would be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*. On August 2, 2010, the envelope containing the order, which had been mailed to the plaintiff's last known address at the

Cherokee County Detention Center, was returned to the court indicating that the plaintiff was no longer there. Subsequent investigation revealed the plaintiff had been transferred to Kirkland Correctional Institution, and the order was remailed to him at that facility on August 2, 2010. Again, the plaintiff failed to file a response to the motion for summary judgment.

The plaintiff has had no contact with the court since he filed his amended complaint and motion for leave to proceed *in forma pauperis* on February 25, 2010. The record reveals that the plaintiff was advised by order dated March 5, 2010 (doc. 20), of his responsibility to notify the court *in writing* if his address changed.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond.

Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based upon the foregoing, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b)

s/Kevin F. McDonald<br>United States Magistrate Judge

August 30, 2010

Greenville, South Carolina